378 A.2d 1253

**COMMONWEALTH of Pennsylvania**

v.

**Clifford BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

Gerald A. Stein, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from judgments of sentence rendered following jury verdict of guilty of the indicted charges: robbery, criminal conspiracy, and possession of instrument of crime.[1] Standard post-trial motions were filed and augmented by separately-filed "additional reasons". After consideration, the post-trial motions were denied. This appeal followed.

Read favorably to the verdict winner, the facts show that in the early evening of November 26, 1975, one DeWitt Jones and his family were at home in Philadelphia. Admitted to the home were appellant and two co-conspirators, later co-defendants, one of whom was an acquaintance of Jones and vouched for his companions. Appellant proceeded to draw a gun on Jones and demand that he empty his pockets. While one of the co-conspirators held Jones' wife and children at bay, appellant ordered Jones to go with him upstairs, where appellant took three rings, a wrist-watch, a camera, and approximately $400.00 in coin and bills. Thereupon, the intruders placed the family in the cellar the door

---

1. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C. S.A. §§ 3701, 903, and 907, respectively.

to which was not locked, and departed in their automobile. Jones gave chase in his car. During the chase he happened upon a traffic policeman, to whom he explained the circumstances. The officer joined him. Soon appellant and the co-conspirators, joined by another, a young woman, were snarled in traffic and were prevented from escaping by the officer.

During trial, two instances occurred of a witness' answering with hearsay or unresponsively, at which times appellant moved for a mistrial. The denials of these motions are now challenged as error. In the first place in questioning the victim (Jones), counsel for one of the co-defendants asked him whether he had given a statement to the investigating officer that the defendants had asked him, Jones, for drugs on the night of the occurrence. Following a Commonwealth objection that such matter was outside the scope of direct examination, counsel for appellant also expressed his position that he had a right to inquire into prior statements. With the Commonwealth's objection overruled, the victim answered in the negative and was permitted by the court to explain that it was the detective who told him [Jones] that the defendants' story was that they had come to Jones' place to buy drugs. Both the aforementioned defense counsel moved for mistrial. In the circumstances the denial of a mistrial cannot be called error nor was the answer prejudicial, when the witness was answering and providing explanation of his answer to a defense question. With the benefit of the explanation, the lower court properly advised the jury to disregard the challenged answer as hearsay. However, also with the benefit of the explanation, appellant cannot argue prejudice as to something he sought to elicit. It is proper to allow a witness to explain or clarify his answer. *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 323 A.2d 733 (1974). It is not error to hold a questioning party to the answer he receives, albeit he does not like to hear the response to his question.

Secondly, appellant refers to his counsel's cross-examination of an investigating detective in this case, asking:

"What if anything did he [the victim, Jones] tell you about drugs?" The answer was: "He told me that he was Artemis Johnson's brother-in-law." The lower court struck the answer. It was explained at side-bar that Johnson was a Philadelphia narcotics officer killed while he was on duty. The court denied appellant's motion for mistrial, agreeing though that the answer was unresponsive. We do not agree with appellant's present contention that the answer was also prejudicial so as to require a new trial. See *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973). Our reasoning is based upon the record showing that the jury received no information as to who Johnson was, or that he was deceased or any details of the circumstances of his death. The answer was harmless and we find no abuse of discretion by the trial judge in refusing the motion for a new trial because of this unresponsive answer.

■ Further appellant argues that the lower court abused its discretion in not allowing counsel for one of the co-defendants to inquire into the general financial condition and background of the victim. This line of questioning was not sought by appellant's counsel. Appellant has raised the issue in his post-trial motions and it was considered below. Therefore, we shall address it. We disagree with appellant that he was denied his right to confront his accusers by this ruling of the trial judge. We stand in agreement with the trial judge that the victim's wealth was of no relevancy, but only his possession of the $400.00 which had been taken. The lower court may limit cross-examination and prohibit irrelevant questioning. *Commonwealth v. Bailey*, 450 Pa. 201, 299 A.2d 298 (1973). To have done so here was no abuse of discretion.

■■ Appellant next argues that the lower court erred in permitting, over defense objection, the Commonwealth to attempt impeachment of a defense witness by inquiring into his prior conviction for burglary. This witness was one Ronald Bradley, who had also been indicted for the same offenses charged against our appellant and his co-defendants below, but whose trial was yet to come. This witness

testified to being with appellant and his co-conspirators on the night in question, but told a different version of what transpired. Following direct and during cross-examination of Bradley, counsel for the Commonwealth attempted to bring forth this man's burglary conviction. Such testimony was permitted, but the lower court allowed the defense to re-open its examination and therein to bring out directly the fact of the conviction. Then cross-examination resumed, but the Commonwealth did not dwell further on Bradley's burglary conviction. Presently, as well as below, defense counsel argues that permitting such testimony was improper because burglary is not a crime involving dishonesty. Reliance was placed upon *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), insofar as it stands for the proposition that impeachment of witnesses by testimony of their former convictions shall be limited to such former convictions as involve dishonesty. The principle is sound, because impeachment by use of former convictions showing specific examples of dishonesty is an attempt to challenge the honesty of the witness. Included within convictions involving dishonesty is a conviction for burglary. *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d 745 (1976). The lower court was without error in its conclusion to permit such evidence.

Lastly appellant raises two claims relating to the District Attorney's closing argument. Appellant correctly points out that the purpose of the prosecution's closing argument is to summarize facts and inferences therefrom. *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974). And he also points out that in certain named instances, objected to by the defense, the District Attorney misstated some facts. These instances related to whether appellant and one co-defendant entered the house at the same time, whether liquor was found in the defendant's vehicle, and whether the defendants were searched when apprehended. While it is clear that some facts were not accurately stated even though we believe unintentionally so, no prejudice to appellant arose. We so hold because these misstatements in no way affected appellant's defense, which was to the effect

that Jones voluntarily surrendered the items later found in defendants' possession in partial payment of a debt. Appellant was not the creditor. The facts misstated did not relate to any contentions of the defense. The trial judge cautioned the jury that it was their recollection of the facts which is paramount. The remarks in the argument did not prejudice the appellant before the jury. See *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974). Secondly in regard to the assignment of error to the prosecutor's closing argument, appellant addresses references to a Lee Brown. This name first arose in the direct testimony of appellant, when he was testifying that he had upon his person the cash later found because he and two fellow employees, one being Lee Brown, had stopped at a check cashing agency after work. No further reference to Brown was made until the Commonwealth, in closing argument, regarding the defense of this recently-cashed check, said:

> They said also at time a man by the name of Lee Brown was with them. This is a co-worker and he had followed them up in his car and was in the check cashing agency with them. Now, we didn't hear anything. Mr. Brown did not testify for the defense in this case.

Defense objection to this comment, raised immediately after it was spoken, was overruled. The Commonwealth's closing argument continued, and just prior to termination of argument and commencement of the charge to the jury, the court spoke:

> . . . There was one reference made by Mr. McLaughlin [Commonwealth attorney] to a Mr. Brown and I'm going to sustain an objection to that and that portion will be stricken. If you wish to address anything on it, I'll give you that opportunity, Mr. McLaughlin.
>
> Mr. McLaughlin: Never mind, your honor.

Appellant contends that the reference to the unavailability of Brown was error. However, "generally, if a litigant fails to call a witness who presumably would support his allegations, the opposing party is entitled to have the jury instructed that it may infer that the witness, if called, would

testify adversely to the party who failed to call him." *Bentivoglio v. Ralston*, 447 Pa. 24, 29, 288 A.2d 745, 748 (1972). The uncalled witness must be "peculiarly within the reach and knowledge of only one of the parties." This principle is applicable in the criminal law; see *Commonwealth v. Moore*, 453 Pa. 302, 309 A.2d 569 (1973), where, however, the reference was disallowed because the witness was the spouse of the defendant. Here the record shows that Brown was mentioned by and known to only the defense. The reference was permissible because the witness was unavailable to the Commonwealth. Even assuming that the reference was impermissible, we conclude that it was harmless error, beyond a reasonable doubt because it was a mere four sentence reference in a trial where the testimony was extensive and exhaustive, and the evidence against appellant overwhelming.

Judgments of sentence affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.