Commonwealth *v.* Harvell, Appellant.

Argued November 20, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Rudolph S. Pallastrone*, with him *George Bachetti*, for appellant.

*Louis A. Perez, Jr.*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 16, 1974:

Appellant, Gordon Harvell, was convicted by a jury of murder in the first degree, aggravated robbery, and conspiracy for the robbery-murder of one Thomas Holley on December 5, 1969. Following the denial of post-trial motions appellant was sentenced to life imprisonment on the murder conviction and to a concurrent term of ten to twenty years imprisonment for the robbery and one to three years for conspiracy. This appeal followed.[1]

Appellant assigns as error the prosecutor's remarks during his summation to the jury asserting that they

---

[1] Appeals from the judgment of sentence on the charges other than homicide are before this Court pursuant to the Act of July 31, 1970, P. L. 673, No. 223, art. V, §503, 17 P.S. §211.503 (Supp. 1974-75). See *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974); *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974).

were so prejudicial as to require reversal. We agree. In view of our disposition of this issue we need not consider the remaining contentions offered by appellant.

In his closing remarks the prosecutor made the following statements to the jury to which defense counsel interposed a timely objection:

"Now, you have heard all of the evidence. You have heard all of the facts. There is no question that the Commonwealth has made out a prima facie case and a full case beyond a reasonable doubt of the guilt of this defendant.

". . . I say to you now don't be fooled. Don't let this defendant come into this courtroom and fool you into acquitting him and letting him walk out on this street again where he can rob and beat others. You are the community. You are to judge this defendant based upon what you have heard about him, based upon the facts of this case.

"It's awfully hard to walk the streets today. People don't want to go out at night. They want to hurry from work and get in before it gets dark. They're afraid to walk to their mailbox to drop a letter in the mail to a child, a mother or a father. Men are afraid to walk the streets themselves, afraid to walk their dogs out; afraid to run out to the car for something for fear that they won't come back home because individuals like this defendant are out preying along the streets, beating people, robbing people, taking things which don't belong to them. Now, you can sit back and allow him to do that again if you want to. You can send [him] back out there. You can. But it might be one of you next time. It might be one of you.

". . . And you know at a time like this in a trial, whether it be homicide or just a robbery or burglary or whatever it is, everyone thinks about the defendant. What can we do for the defendant? He's seventeen. Well, I say to you when a seventeen-year-old person

goes out and beats and robs and kills another human being, he's a man and he must assume the responsibility of a man and everything that goes with it. Age doesn't mean anything. If he wants to go out and act like that, he doesn't need to walk the streets. I say, who thinks of the decedent, the victim? Whoever thinks of him? Who? I believe that if Mr. Holley were able to come back here and sit in this chair and talk with you, I believe he would say, 'I didn't want to die. I didn't want to die. I don't know why Harvell chosé to play God and say at what moment of time I should die. I still had some life ahead of me. I was breathing this good air. I wasn't on welfare taking advantage of people. I was working for Mr. Robinson for the meager amount of money that I needed to live on. I didn't want to die.' And if you, ladies and gentlemen of the jury, allow this defendant, based upon this evidence, to leave City Hall and walk the streets again, how many more Thomas Holleys will have to say 'I didn't want to die'? And the only way you cannot find this defendant guilty of murder of the first degree is for Thomas Holley to come walking through that door, but we won't. Thomas Holley is dead because of this defendant."

In his opinion denying post-trial motions the trial judge found that these remarks were within the permissible bounds of proper advocacy. In our judgment these remarks clearly exceeded the limits delineated in our decision in *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974) in which we cited with approval the American Bar Association Standards Relating to the Prosecution Function §§5.8 (a), (b) and 5.9 (Approved Draft, 1971).[2] There Mr. Justice EAGEN,

---

[2] These provisions are as follows:

5.8 Argument to the jury.

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecu-

writing for the majority, stated that remarks similar to those at issue here "exceeded the bounds of propriety and constituted an appeal to the passions and prejudices of the jury. Moreover, in testifying as if his 'best witness', [Mr. Holley] was in the courtroom, that which followed amounted to the giving of testimony by an unsworn witness." *Commonwealth v. Lipscomb, supra* at 528, 317 A.2d at 207 citing *Commonwealth v. Clark,* 322 Pa. 321, 185 A. 764 (1936).

Furthermore, of particular significance to the statements at issue in the case at bar are subsections (c) and (d) of §5.8 of the ABA Standards which preclude arguments that appeal to prejudice and divert the jury from deciding the case on the basis of the evidence.[3] We have consistently held that the prosecutor is to limit his statements to "the facts in evidence and legitimate inferences therefrom". *Commonwealth v. Revty,* 448 Pa. 512, 516, 295 A.2d 300, 302 (1972). In summation,

tor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

. . .

5.9 Facts outside the record.

It is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matters of common public knowledge based on ordinary human experience or matters of which the court may take judicial notice.

[3] These sections read:

5.8 . . .

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

counsel is called upon to present the facts so that the jury can dispassionately and objectively evaluate the testimony in a sober and reflective frame of mind that will produce a judgment warranted by the evidence and not inspired by emotion or passion. Such statements as, "Men are afraid to walk the streets themselves", "People don't want to go out at night", ". . . it might be one of you next time. It might be you", are but ill-concealed attempts to divert the inquiry from the pursuit of truth and an invitation to give vent to visceral and unreasoned responses. *Commonwealth v. Lipscomb, supra* at 528, 317 A.2d at 207. The determination of guilt must *not* be the product of fear or vengeance but rather intellectually compelled after a distinterested, impartial and fair assessment of the testimony that has been presented. *See Commonwealth v. Fairbanks,* 453 Pa. 90, 95, 306 A.2d 866, 868 (1973) and cases cited. In our view the prosecutor's statements here were so prejudicial as to have deprived appellant of a fair and impartial trial. A new trial is required.

We note that the rules of professional conduct apply equally to defense attorneys. See ABA Standards Relating to the Defense Function §7.8 and Commentary thereto and §7.9 (Approved Draft, 1971).[4] Indeed it

---

[4] ABA Standards for defense counsel's arguments to the jury are as follows:

7.8 Argument to the jury.

(a) In closing argument to the jury the lawyer may argue all reasonable inferences from the evidence in the record. It is unprofessional conduct for a lawyer intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for a lawyer to express his personal belief or opinion in his client's innocence or his personal belief or opinion in the truth or falsity of any testimony or evidence, or to attribute the crime to another person unless such an inference is warranted by the evidence.

is the responsibility of the trial judge to restrain improper conduct on both sides and to insure that both sides exhibit conduct in conformity with the aforementioned sections of the ABA Standards adopted by this Court.

Accordingly, the judgment of sentence is reversed and a new trial is ordered.

---

(c) A lawyer should not make arguments calculated to inflame the passions or prejudices of the jury.

(d) A lawyer should refrain from argument which would divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused under the controlling law or by making predictions of the consequences of the jury's verdict.

7.9 Facts outside the record.

It is unprofessional conduct for a lawyer intentionally to refer to or argue on the basis of facts outside the record, unless such facts are matters of common public knowledge based on ordinary human experience or matters of which the court can take judicial notice.