387 A.2d 815

**COMMONWEALTH of Pennsylvania**

v.

**Ricardo MAYBERRY, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 7, 1976.

Decided June 2, 1978.

24

John C. Anderson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Ricardo Mayberry, was tried by a judge sitting with a jury and was found guilty of murder of the first degree and firearms violation. Post-verdict motions were denied and appellant was sentenced to life imprisonment for the murder conviction and sentence was suspended on the firearms violation. No appeal was taken to Superior Court from the firearms judgment of sentence. A direct appeal was taken to this court from the judgment of sentence entered on the murder conviction.[1]

Appellant first argues that the evidence was insufficient to sustain his conviction of murder of the first degree. We do not agree.

In *Commonwealth v. Rose*, 463 Pa. 264, 267–68, 344 A.2d 824, 825–26 (1975), we articulated our test of sufficiency of the evidence:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. . . . Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. . . . The fact-finder is free to believe all, part, or none of the evidence." (Citations omitted.)

1. This case was assigned to this writer on March 17, 1978.

Reviewing the evidence in the above light, the facts are as follows. Appellant and the victim, Theodore Willis, were members of rival Philadelphia gangs. Approximately one week prior to the incident involved in this appeal, appellant was wounded. He believed that Willis was the person who fired the shotgun that wounded him. On April 11, 1972, appellant was informed that Willis and some companions were in the vicinity and he proceeded to confront Willis. Appellant was joined by another person, nicknamed "Solo", who handed appellant a gun. As appellant and Solo approached Willis and his companions, a shot was fired in the direction of appellant. There is no indication of where the shot was fired from or who fired the shot. Appellant then drew his gun and fired two shots which struck Willis. As a result of the gunshot wounds, Theodore Willis died on April 19, 1972.

The above evidence, when viewed in the light most favorable to the Commonwealth is sufficient to sustain the finding that appellant's shooting was "willful, deliberate and premeditated" and thereby constituted murder of the first degree. See Act of December 1, 1959, P.L. 1621 § 1, formerly 18 P.S. § 4701.

Appellant argues that the district attorney in his closing statement to the jury engaged in prosecutorial misconduct by using inflammatory and prejudicial remarks. We agree, and reverse appellant's judgment of sentence and remand for a new trial.[2]

The complained-of remarks are as follows:

2. Appellant raises numerous other allegations of error which we need not decide given our resolution of the above issue. Those allegations of error are:

(1) That the suppression court erred in failing to suppress appellant's confession. The appellant attacks his confession on four separate grounds:

(a) That the police violated appellant's constitutional rights thereby rendering his confession involuntary.

(b) That the police failed to comply with this court's decision in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

(c) That appellant's arrest was made without probable cause and that the arrest "tainted" appellant's confession as the fruit of the

"Ladies and gentlemen, you are the representatives of the people in this case; you are the representatives of all the people that live in this city; you are the representatives of those people that live on Croskey Street and Norris Street and 22nd Street, the people that have to live through this senseless gang violence, the people who can't walk the streets, who are afraid to have their children go to school or go to the recreation center because one of these gangs, one of these people like Riccardo Mayberry is liable to take out a gun and shoot him, or is liable to try and kill another gang member or shoot some good citizen who is walking down the street, in his own neighborhood, by mistake. You represent all those people. And I ask you and I plead with you for responsible justice. I plead with you to consider all the evidence in this case and to bring back a verdict so that the good citizens of this community will know that we are not going to stand for this senseless tragic gang killing, we are not going to stand for men like Mayberry who takes a gun with the specific intent of going around and killing another boy, and does. We are going to say to these good citizens, and I ask you by your verdict to say to these good citizens that live in this city that you as jurors won't stand for it, and that you as their representatives won't stand for it. I ask you to consider while you deliberate that Theodore Willis

poisonous tree. See *Commonwealth v. Whitaker*, 461 Pa. 407, 336 A.2d 603 (1975).

(d) That he is entitled to the retroactive application of this court's juvenile confession doctrine. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

(e) A general attack on the voluntary nature of his waiver of *Miranda* rights.

(2) That the court below erred in the voir dire of prospective jurors and in the seating of an alternate juror who was the father of two Philadelphia policemen.

(3) That the court below erred in admitting the testimony of Josephine Willis, mother of the decedent. Appellant's argument is two pronged:

(a) The testimony was not relevant.

(b) The court erred in failing to grant appellant's motion for a mistrial when Willis began to weep on the stand.

(4) That the court below erred in failing to give a "mutual combat" voluntary manslaughter charge.

has been murdered in cold blood, that he will never run again, he will never play basketball, the smile will never light up his mother's face, she will never see her 18-year old son again, never watch him grow in manhood and marry and have children of his own. He is wiped out because this defendant took a gun and shot him in the neck for no reason at all. I ask you to consider that, ladies and gentlemen, and I say to you that if you consider all the evidence in this case, and just the evidence, that there is no way you can come back with any verdict other than guilty of murder in the first degree, unless Theodore Willis were to come back through that doorway. Shall we wait?"

Defense counsel immediately requested a side bar conference. During this conference, defense counsel objected to the closing as containing inflammatory and prejudicial rhetoric and moved for a mistrial. The court denied the motion for a mistrial. See *Commonwealth v. Adkins*, 468 Pa. 465, 364 A.2d 287 (1976). The court in its charge to the jury gave a short curative instruction admonishing the jury to consider only the evidence. We believe that the giving of a "curative" instruction under these facts could not dissipate the comments of the district attorney.

In *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977), we stated:

". . . [W]e begin by repeating what this Court has said many times: the prosecutor is a quasijudicial officer representing the Commonwealth. His duty is to seek justice, not just convictions. E. g., *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975); *Commonwealth v. Revty*, 448 Pa. 512, 295 A.2d 300 (1972); see ABA Project on Minimum Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, the Prosecution Function, § 1.1 (Approved Draft, 1971) [hereinafter cited as ABA Standards]; Pennsylvania Supreme Court Code of Professional Responsibility EC 7–13 (1974).

" 'Although the prosecutor operated within the adversary system, it is fundamental that his obligation is to protect the innocent as well as to convict the guilty, to guard the rights of the accused as well as to enforce the rights of the public.'

"ABA Standards § 1.1, commentary at 44; See *Commonwealth v. Toth*, 455 Pa. 154, 314 A.2d 275 (1974).

"During closing argument, the prosecutor has an obligation to

" '. . . present the facts so that the jury can dispassionately and objectively evaluate the testimony in a sober and reflective frame of mind that will produce judgment warranted by the evidence and not inspired by emotion or passion.'

"*Commonwealth v. Harvell*, 458 Pa. 406, 411, 327 A.2d 27, 30 (1974). . . ."

In *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974), this court stated:

". . . of particular significance to the statements at issue in the case at bar are subsections (c) and (d) of § 5.8 of the ABA Standards which preclude arguments that appeal to prejudice and divert the jury from deciding the case on the basis of the evidence. We have consistently held that the prosecutor is to limit his statements to 'the facts in evidence and legitimate inferences therefrom.' *Commonwealth v. Revty*, 448 Pa. 512, 516, 295 A.2d 300, 302 (1972). In summation, counsel is called upon to present the facts so that the jury can dispassionately and objectively evaluate the testimony in a sober and reflective frame of mind that will produce a judgment warranted by the evidence and not inspired by emotion or passion. Such statements as, 'Men are afraid to walk the streets themselves', 'People don't want to go out at night', '. . . it might be one of you next time. It might be you', are but ill-concealed attempts to divert the inquiry from the pursuit of truth and an invitation to give vent to visceral and unreasoned responses. *Commonwealth v. Lipscomb*, supra [455 Pa. 525] at 528, 317 A.2d [205] at 207.

> The determination of guilt must *not* be the product of fear or vengeance but rather intellectually compelled after a disinterested, impartial and fair assessment of the testimony that has been presented. See *Commonwealth v. Fairbanks*, 453 Pa. 90, 95, 306 A.2d 866 (1973) and cases cited. In our view the prosecutor's statements here were so prejudicial as to have deprived appellant of a fair and impartial trial. A new trial is required." (Emphasis in original.)

See also *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975).

The A.B.A. Standards Relating to the Prosecution Function provides:

"5.8  Argument to the jury.

"(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

"(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

"(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."

A review of the remarks of the district attorney in the instant case reveal multiple violations of this court's decisions concerning prosecutorial conduct and the A.B.A. Standards. The district attorney warned the jury that because of people such as appellant, people were afraid to walk the streets of Philadelphia or send their children to school or play.

The district attorney further argued that Theodore Willis was murdered in cold blood and that "he [Willis] will never run, never play basketball, never be seen by his mother, never marry or have children," and that the only way appellant would not be guilty was if Willis would walk through the door.

The closing argument of the district attorney in this case was no more than a blatant appeal to prejudice, bias and passions of the jury. This type of argument has been condemned by this court and shall continue to be condemned. There is no excuse for the unprofessional demeanor exhibited in this case.

Judgment of sentence reversed and case remanded for a new trial.

NIX, J., concurs in the result.