387 A.2d 858

**COMMONWEALTH of Pennsylvania**

v.

**Garnie SEGERS, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 10, 1978.

Decided June 2, 1978.

110

Joseph C. Vignola, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Garnie Segers, was tried and convicted of murder in the first degree in January of 1973. Post-verdict motions were denied and sentence of life imprisonment was imposed. We affirmed. *Commonwealth v. Segers*, 460 Pa. 149, 331 A.2d 462 (1975).

On March 26, 1976, appellant filed a Post Conviction Hearing Act petition alleging a denial of effective representation of counsel at trial. See, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. A hearing was held, following which, the court issued an order denying relief. This appeal is from that denial of post-conviction relief. Only one issue is raised: whether appellant's trial counsel was ineffective for not specifically alleging, in a pre-trial motion to suppress a confession given to police following his arrest, that appellant's confession was obtained in violation of Pa.R.Cr.P. 118 (now Rule 130), and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

In the instant case, as admitted by the prosecution in its brief submitted to us, the time period that elapsed between appellant's arrest and his initial inculpatory statement was fifteen hours and ten minutes. Furthermore, the prosecution's brief clearly indicates that appellant's statement was the product of this unnecessary delay. Therefore, had the issue been properly preserved, it would have required the grant of a new trial. *See Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), and cases cited therein. As stated in our opinion affirming the judgment of sentence, however,

"Appellant has also alleged that the lower court erred in failing to suppress his confession because it was purportedly obtained in violation of Rule 118, Pa.R.Cr.P. (now Rule 130) and the decision of this Court in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972) and its progeny. We need not, however, reach the merits of appellant's claim that the confession was the product of an unnecessary delay between his arrest and preliminary arraignment. At the suppression hearing, defendant's theory for moving to suppress the confession was that it was involuntarily obtained. No mention of any alleged unnecessary delay was made either then or at trial. It was not until his post-trial motions that the defendant raised this issue. Since the suppression hearing was held approximately seven months after our decision in *Futch*, we must hold that this alleged error has been waived. *Commonwealth v. Johnson*, 457 Pa. 554, 327 A.2d 632 (1974); *Commonwealth v. Reed*, 458 Pa. 8, 326 A.2d 356 (1974). *See also Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972)." 460 Pa. at 158, ft. n. 3, 331 A.2d at 467 ft. n. 3.

■ At the post-conviction hearing, appellant's trial counsel testified that he was "probably" aware of our decision in *Futch*. Nevertheless, he failed to allege a *Futch* violation in his pre-trial suppression motion. The prosecution argues that this failure did not constitute ineffective assistance of counsel because it was not clear at the time of appellant's trial what periods of time would be held to be "unnecessary delay." This argument is totally without merit, for the delay held to be unnecessary in *Futch* was 14 hours (between arrest and arraignment) as opposed to a delay of over 15 hours (between arrest and inculpatory statement) in this case.

■ We have repeatedly stressed that counsel's course of action must have some reasonable basis designed to effectuate his or her client's interest. *See, Commonwealth v. Evans*, 479 Pa. 100, 387 A.2d 854 (1978); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Failure to raise in a pre-trial suppression motion an argu-

ably meritorious claim that a confession was obtained as the result of an unnecessary delay following arrest can never be said to have been a course of action designed to effectuate a client's interest. *Cf. Commonwealth v. Evans, supra; Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977) (Roberts and Manderino, JJ., dissenting on other ground).

We therefore reverse the order of the Post Conviction Court and grant appellant a new trial.

EAGEN, C. J., and POMEROY and LARSEN, JJ., concurred in the result.