387 A.2d 854

**COMMONWEALTH of Pennsylvania**

v.

**Lester C. EVANS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided June 2, 1978.

Martin J. Kilstein, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal is from the denial of post-conviction relief, following an evidentiary hearing, by the Court of Common Pleas of Philadelphia County. Appellant was originally charged with murder and aggravated robbery in 1973 for the beating death of one Arthur Bock. He was tried and convicted by a jury of murder in the second-degree. Following denial of post-verdict motions, appellant was sentenced to imprisonment for a term of ten to twenty years. Appellant's trial counsel then took an appeal to us. On direct appeal, we affirmed the judgment of sentence. *Commonwealth v. Evans*, 465 Pa. 12, 348 A.2d 92 (1975).

Appellant, now represented by new counsel, raised several issues before the PCHA Court. He pursues three of these issues here, contending that he was denied the effective representation of counsel at trial: (1) because of trial coun-

sel's failure to challenge the admissibility of an alleged confession on the basis that appellant's arrest was illegal or (2) on the basis that the statement was obtained during a period of unnecessary delay following appellant's arrest; and (3) because of trial counsel's failure to object to certain allegedly inflammatory remarks of the prosecutor made during his summation to the jury. We believe the last of these allegations is meritorious and requires that appellant be granted a new trial. We therefore need not now discuss the other issues raised.

■ Appellant argues that his trial counsel was ineffective for not objecting to certain remarks made by the prosecutor during his closing summation to the jury. The remarks in question are as follows:

"I want you to remember that as I said, our best witness is not here. Arthur Bock will never again walk the streets of Philadelphia or go to work . . . or see any of his four children or see them smile, or see them grow up, graduate from school or get married or anything else, and why, because this defendant after drinking some wine, snuffed out his life for a few measly dollars, the money that his mother brought in his bloody shoes. I say to you, ladies and gentlemen, that the only way that you can fail to bring back a verdict of guilty of murder in the first degree is if Arthur Bock walks through those doors. Shall we wait?"

This statement could constitute grounds for a mistrial if objected to by defense counsel, *see Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974).

We have repeatedly held that it is improper for the prosecuting attorney to express his or her personal opinion about a defendant's guilt. As we said in *Commonwealth v. Gilman*, 470 Pa. 179, 188–189, 368 A.2d 253, 257 (1977),

". . . the prosecutor is a quasi-judicial officer representing the Commonwealth. His duty is to seek justice, not just convictions. E. g., *Commonwealth v. Collins*, 462

Pa. 495, 341 A.2d 492 (1975); *Commonwealth v. Revty,* 448 Pa. 512, 295 A.2d 300 (1972); see ABA Project on Minimum Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, the Prosecution Function, § 1.1 (Approved Draft, 1971) [hereinafter cited as ABA Standards]; Pennsylvania Supreme Court Code of Professional Responsibility EC 7–13 (1974).

'Although the prosecutor operates within the adversary system, it is fundamental that his obligation is to protect the innocent as well as to convict the guilty, to guard the rights of the public.'

ABA Standards § 1.1, commentary at 44; See *Commonwealth v. Toth,* 455 Pa. 154, 314 A.2d 275 (1974).

During closing argument, the prosecutor has an obligation to

'. . . present the facts so that the jury can dispassionately and objectively evaluate the testimony in a sober and reflective frame of mind that will produce judgment warranted by the evidence and not inspired by emotion or passion.'

*Commonwealth v. Harvell,* 458 Pa. 406, 411, 327 A.2d 27, 30 (1974). The prosecutor's position as both an administrator of justice and an advocate 'gives him a responsibility not to be vindictive or attempt in any manner to influence the jury by arousing their prejudices.' *Commonwealth v. Revty,* 448 Pa. at 516, 295 A.2d at 302, and cases cited therein; *Commonwealth v. Collins,* supra; *Commonwealth v. Toth,* supra; *Commonwealth v. Bubnis,* 197 Pa. 542, 47 A. 748 (1901). In particular, the prosecutor must limit his argument to the facts in evidence and legitimate inferences therefrom. E. g., *Commonwealth v. Revty,* supra; ABA Standards § 5.8, supra." (Footnote omitted.)

*See also Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977) (Roberts and Manderino, JJ., dissenting on other grounds); *Commonwealth v. Cronin,* 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Lark,* 460 Pa. 399, 333 A.2d 786 (1975); *Commonwealth v. Russell,* 456 Pa. 559, 322 A.2d 127

(1974). See also, DR 7–106(C)(4), Code of Professional Responsibility, 438 Pa. XXV (1970).

In both *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975), and *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974), we reversed the judgments of sentence, having found that certain remarks of the district attorney were prejudicial and denied the defendants a fair trial. The comments found objectionable by us in *Cronin* and *Lipscomb* are remarkably similar to those made by the district attorney in the instant case. Included in the prosecutor's closing argument to the jury in *Cronin*, were the following remarks,

"*I say to you that this defendant is guilty* of a conspiracy, with Jesse James and William Flynn, and he is guilty of the burglary through this conspiracy and attempted robbery through this conspiracy, and *of the murder of Louis Cooper* through this conspiracy, and the assault and battery, aggravated assault and battery with intent to kill, through this conspiracy, *and the only way, the only way you cannot find this defendant guilty of murder of the first degree is for Louis Cooper to walk through that door.*" (Emphasis in original.)

464 Pa. at 141, 346 A.2d at 61.

In *Lipscomb*, the prosecuting attorney said,

"You know, my best witness isn't here today. But if he could come back, if Mr. Sweeney could come back and sit in this chair and face you, the jurors, I believe he would say, 'I didn't want to die. I was only 59 years of age. I think I had a number of years ahead of me, I didn't want to die. I was just walking along the street, a friend had been kind enough to give me a little bag of groceries to help me out because I was unemployed at the time, and I was on my way home, walking the route I have walked many, many times from my friend's house.

'I didn't want to die. I didn't know this would be my last walk. I didn't know that a bunch of hoodlums and animals would pounce upon me and tear me apart and would cause my blood to stream out on the sidewalk and beside a tree, on the ice and the water. I tried to save

myself. I got up, I tried to put my little belongings in my bag, but I couldn't get them. But, I walked towards home, the only route I knew for years, and I got to my house and I gave out; I gave out, I ran out of gas, and so I just lay there with my back to the steps and my head resting against it. My friend had given me a couple of Reader's Digests which I dropped on the steps, filled with blood. I didn't want to die. Why did I have to die? . .'

. . . . .

And I think Mr. Sweeney would say, 'The only way you couldn't find this defendant guilty of murder of the first degree is for me to come alive again before your very eyes and walk out of that door to my home.' "
455 Pa. at 526–527, 317 A.2d at 206.

A majority of this Court concluded in *Commonwealth v. Hubbard, supra,* 472 Pa. 259, 372 A.2d 687 (1977), that defense counsel's failure to object to *arguably objectionable* remarks made by the district attorney concerning the defendant's guilt and credibility, could constitute ineffective assistance of counsel, but that on the state of the record in *Hubbard,* a remand was necessary to determine whether, in not objecting, counsel had any reasonable basis designed to advance the defendant's interests. (Mr. Justice Roberts, in a dissenting opinion joined by this writer, concluded that no remand was necessary, and that a determination of ineffective assistance of trial counsel could be made by us from the record as it stood.) In the instant case, as in *Hubbard,* defense counsel's omitted objection to the prosecutor's comment was arguably important and had a reasonable chance of succeeding. Unlike *Hubbard,* however, the instant appeal is from a Post-Conviction Act hearing at which appellant's trial counsel was asked to give his reasons for that omission. Appellant's trial counsel explained at the PCHA hearing that such remarks were a favorite tactic of young assistant district attorneys, but that it did not strike him as a particularly effective appeal to the jury in the circumstances of this case. We cannot conclude from this explanation that trial

counsel acted in appellant's best interests when he sat by idly during the prosecution's summation to the jury. We have repeatedly stressed that counsel's course of action must have some reasonable basis designed to effectuate his client's interests. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), and its progeny. Failure to object to remarks such as those made by the assistant district attorney at appellant's trial cannot be said to have been reasonably designed to effectuate appellant's interests simply because defense counsel erroneously concluded the remarks were not prejudicial.

We therefore reverse the order of the Post Conviction court and grant appellant a new trial.

POMEROY, J., filed a dissenting opinion in which LARSEN, J., joined.

POMEROY, Justice, dissenting.

I respectfully dissent. It is true that this Court has condemned remarks of the sort made by the prosecutor in this case [1] in a line of cases beginning with *Commonwealth v. Lipscomb*, 455 Pa. 525, 528–29, 317 A.2d 205, 207 (1974). See also *Commonwealth v. Lark*, 460 Pa. 399, 404–45, 333 A.2d 786, 789 (1975); *Commonwealth v. Cronin*, 464 Pa. 138, 141–42, 346 A.2d 59 (1975). What the majority fails to note, however, is that the trial of this case was held in July, 1973, some nine months before our decision in *Lipscomb, supra.*

In *Commonwealth v. Triplett*, 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977), we restated law of long standing when we observed:

1. The challenged remarks are:
   " 'I want you to remember that as I said, our best witness is not here. Arthur Bock will never again walk the streets of Philadelphia or go to work . . . or see any of his four children or see them smile, or see them grow up, graduate from school or get married or anything else, and why, because this defendant after drinking some wine, snuffed out his life for a few measly dollars, the money that his mother brought in his bloody shoes.
   'I say to you, ladies and gentlemen, that the only way that you can fail to bring back a verdict of guilty of murder in the first degree is if Arthur Bock walks through those doors. Shall we wait?' "

"We cannot impose upon trial counsel the qualities of a seer . . . For this reason, we examine counsel's stewardship under the standards as they existed at the time of his action, *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Garrett*, [425 Pa. 594, 229 A.2d 922 (1967)]; and counsel will not be deemed ineffective for failing to predict future developments in the law. See *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971)."

Accord, *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) ("The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record.") (emphasis in the original). I think that for the Court to find fatal fault with defense counsel for failing to object to the prosecutor's summation is indeed to engage in a hindsight evaluation made in light of later law. At the time of the trial of this case our standard for review of assertedly prejudicial remarks was as enunciated in *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973) and *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968) (opinion in support of affirmance).

It is worth noting that the remarks now objected to, as quoted above, consist of but two short paragraphs of a lengthy closing argument of forty-two typewritten pages of the trial transcript. Defendant's trial lawyer, Joseph N. Bongiovanni, III, Esq., testified at the post-conviction hearing as to his extensive experience in the trial of criminal cases and stated that he refrained from objection because he did not believe that the prosecutor's remarks in the circumstances of this case could have a prejudicial effect on the jury; he viewed them as but "a pseudo-dramatic flourish." Given the absence at the time of trial of a pronouncement by this Court that statements of the sort quoted above from the Commonwealth's closing are so flagrant that they must be deemed prejudicial, I cannot conclude, as the majority does, that defense counsel's judgment at the time of trial is

to be discarded. Compare *Commonwealth v. Hubbard*, 472 Pa. 259, 285, 372 A.2d 687, 699 (1977).[2] As suggested above, the majority's conclusion that counsel's decision at trial not to object rendered him constitutionally ineffective is necessarily based on its view that lack of clairvoyance as to this Court's disagreement with that decision is *per se* ineffective. This reflects not only the "hindsight evaluation of the record" which *Maroney, supra*, counsels us to avoid, but also a hindsight application of law. Hence this dissent.

LARSEN, J., joins in this opinion.

2.  It was well settled at the time of trial, and still is, that assertedly prejudicial statements in a summation must be reviewed in light of the context in which they were made. *E. g., Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975), and cases cited therein. Accordingly, counsel could properly conclude, as he apparently did, that the prosecutor's statement that "this defendant after drinking some wine, snuffed out [the deceased's] life for a few measly dollars" was no more than a shorthand reference to the inferences previously suggested from evidence already summarized. See, *e. g., Commonwealth v. Tucker*, 461 Pa. 191, 200–01, 335 A.2d 704 (1975), and cases cited therein.