390 A.2d 750

COMMONWEALTH of Pennsylvania

v.

Robert BLACK, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted April 10, 1978.

Decided Aug. 28, 1978.

David S. Winston, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Robert Black, was tried before a judge and jury and found guilty of murder of the first degree, robbery and conspiracy in connection with the death of a Philadelphia druggist during an attempted robbery of his drug store. Post-verdict motions were denied and appellant was sentenced to life imprisonment. Represented by new counsel, appellant appealed his conviction to this Court. We affirmed the judgment of sentence. *Commonwealth v. Black*, 464 Pa. 604, 347 A.2d 705 (1975).

Thereafter appellant, again represented by new counsel, filed a petition under the Post Conviction Hearing Act (PCHA), 19 P.S. § 1180–1 to 1180–14 (Supp.1978–79). In his PCHA petition, appellant raised the issue of ineffectiveness of trial counsel (1) in not objecting to allegedly prejudicial remarks made by the prosecutor in his closing argument to the jury, and (2) in not requesting a charge on voluntary manslaughter. In addition, appellant alleged that his counsel on direct appeal was ineffective in not pursuing a claim

of ineffectiveness of trial counsel in these two respects. The PCHA court denied relief.

Since the PCHA court was appellant's first opportunity to allege ineffective assistance of his counsel on direct appeal, that claim is properly before us. *E. g., Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). We agree with appellant that trial counsel was ineffective for not objecting to certain prejudicial remarks made by the prosecutor in his summation, and that counsel on direct appeal was ineffective in not alleging trial counsel's ineffectiveness in not doing so. We therefore reverse the order of the PCHA court and grant appellant a new trial, and need not address other issues raised by appellant.

The prosecutor's remarks in question are as follows:

"I say to you, the only way that you could possibly find Robert Black not guilty of murder in the first degree is if Sidney Adelman walked through that door right now.

That's not going to happen. Ask Mrs. Adelman if that's going to happen."

This Court has, on many occasions, condemned the prosecutorial tactic of directing juries' attention to the rear of the courtroom to wait for the deceased to walk through the door. *See, e. g., Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978); *Commonwealth v. Evans*, 479 Pa. 100, 387 A.2d 854 (1978); *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Cronin*, 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974). Indeed, the prosecutor in the present case, in an effort to inflame the jury, went further than the prosecutors in those cases. This prosecutor suggested that the jury ask the deceased's wife whether the deceased would be walking through the door, clearly an effort to further impassion the jury.

There is no question the above-quoted statements could constitute grounds for a mistrial if they had been objected

to by defense counsel. *E. g., Commonwealth v. Gilman, supra; Commonwealth v. Cronin, supra; Commonwealth v. Lipscomb, supra.* Trial counsel could not have had a reasonable basis designed to effectuate appellant's interests when he failed to object to those prejudicial and inflammatory remarks. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), and its progeny. No such reasonable basis was proffered by the prosecution at the PCHA hearing, and we can discern none.

We must conclude from our review of the record that trial counsel was ineffective in not objecting to these statements in the prosecutor's summation, and we can discern no reasonable basis for appellate counsel failing to raise trial counsel's ineffectiveness on direct appeal. *See Commonwealth v. Evans, supra,* and cases cited therein. The order of the post-conviction court is reversed and appellant is granted a new trial.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice, dissenting.

This case is almost "on all fours" with *Commonwealth v. Evans,* 479 Pa. 100, 387 A.2d 854 (1978), and the reasons which prompted my dissent in that case similarly compel a dissent in the case at bar. *Id.* 479 Pa. at 106–108, 387 A.2d at 857 (dissenting opinion of POMEROY, J., joined by LARSEN, J.). Moreover, while I do not condone the prosecutor's remark which causes the Court to reverse, I am convinced, upon examination of the assistant district attorney's argument as a whole and after reviewing the overwhelming evidence presented by the Commonwealth, that the remark in question was beyond a reasonable doubt harmless and that failure to object to it did not constitute constitutional ineffectiveness of defense counsel. In short, I think the post-conviction hearing court properly denied relief and I would affirm its order.