418 A.2d 442

**COMMONWEALTH of Pennsylvania**

v.

**George Lee HAMILTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1979.

Filed Jan. 11, 1980.

Stephen H. Serota, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

In this appeal from denial of relief under the Post Conviction Hearing Act,[1] appellant contends that trial counsel was ineffective. We agree, reverse the order of the PCHA court and award appellant a new trial.

■ On March 27, 1972, a jury convicted appellant of two counts of murder of the first degree and one count each of burglary and robbery. After denying post-verdict motions, the trial court sentenced appellant to concurrent terms of life imprisonment on each of the charges of murder and concurrent terms of imprisonment of 10 to 20 years on each of the other counts. The Supreme Court, equally divided, affirmed the judgment. See *Commonwealth v. Hamilton*, 460 Pa. 686, 334 A.2d 588 (1975). Appellant obtained new counsel and filed a PCHA petition alleging ineffective assistance of counsel who had represented him at trial and on direct appeal.[2] After a hearing, the PCHA court denied the petition.

■ Appellant contends that trial counsel was ineffective for failing to object and request a mistrial when the prosecutor made the following remarks during closing argument:

"Our best witness isn't here today, but if the Bodensteins [the victims] were here today, they would say to you they didn't want to die, and who is this defendant that he can play God and decide and determine the day and time that

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp. 1978–79), repealed, Act of April 28, 1978, P.L. 202, effective June 27, 1978.

2. The PCHA proceedings were appellant's first opportunity to raise ineffective assistance of trial counsel. Accordingly, his claim is properly preserved. See *Commonwealth v. Black*, 480 Pa. 394, 390 A.2d 750 (1978).

they were to die. They had a business that they had worked on for eighteen years together, a part of the community, and this defendant along with Al Davis decided that it was time for them to give up their business. He made that decision along with Al Davis that it was time for them to lose all that they had worked for these eighteen years. Does he have the right to do that? Does he have the right to say whether anyone should go out of business? Does he have the right to say now is your time to die and I so decree it by my acts and actions? Does he? If you find this defendant not guilty after all that evidence and testimony presented in this case, then you are saying he does have that right to take that which others have worked and scuffled for and earned to satisfy his desire for beers and whiskey. Are you going to say that by allowing this defendant to walk out of here based on the evidence that you have heard, using your basis and God-given common sense? Well, if you do that, if you let him fool you, if you let him pull the wool over your eyes and say because I only went to the fifth grade I didn't know what I was doing, or that I couldn't have been a party to that, if you let him go scott free based on this evidence, then I say to you David and May Bodenstein died in vain—died in vain, and all the other David and May Bodensteins will die in vain—

[Defense counsel]: That's objected to, sir.

THE COURT: Sustained."

Appellant's counsel objected only at the end of the summation, and then was satisfied with a brief "sustained."

It is well established that comments such as these are prejudicial to the defense, that trial counsel should object to them and request a mistrial and that failure to take such action constitutes ineffective assistance. See *Commonwealth v. Mayberry*, 479 Pa. 23, 387 A.2d 815 (1978) (curative instructions inadequate where prosecutor emphasized that victim's mother would never see him again and implored jurors, as representatives of community, to demonstrate by verdict of guilty that they would not tolerate such killings);

*Commonwealth v. Evans*, 479 Pa. 100, 387 A.2d 854 (1978) (prosecutor told jurors that his best witness, the victim, wasn't present, and emphasized loss to victim's family his death caused); *Commonwealth v. Harvell*, 458 Pa. 406, 327 A.2d 27 (1974) (prosecutor warned jurors not to let defendant "fool" them, stated that victim, if he were able to testify, would say that he did not want to die, accused defendant of playing God in determining when victim's life should end and threatened that verdict of acquittal would lead to further killings); *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974) (prosecutor told jurors that his best witness, the victim, was not present, but if he were, would testify that he didn't want to die).

Trial counsel is deemed ineffective if his strategy had no reasonable basis designed to promote the interests of his client. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In failing to object to these comments and request a mistrial, appellant's counsel could have had no reasonable strategy in mind. See *Commonwealth v. Black*, 480 Pa. 394, 390 A.2d 750 (1978). Counsel's belated objection, eliciting little relief and failing to request a mistrial, did not protect appellant's interests.

Therefore, we reverse the order of the PCHA court and grant appellant a new trial.[3]

LIPEZ, J., files a concurring opinion.

LIPEZ, Judge, concurring:

Once again this court finds it necessary to grant a new trial because a prosecutor's prejudicial comments coincided with the ineffectiveness of trial counsel in failing to make objection. Once again this double homicide, burglary, and robbery, occurring more that 9 years ago, already twice tried, and heard on appeal by the Supreme Court (See *Commonwealth v. Hamilton*, 460 Pa. 686, 343 A.2d 588

---

3. Appellant cites other instances of alleged prejudicial comment in the prosecutor's closing argument to which trial counsel did not object and request a mistrial. In view of our disposition, we do not consider whether trial counsel was ineffective in those instances.

(1975)) and on habeas corpus by the United States District Court for the Eastern District of Pennsylvania (See C.A. No. 76–543 (1976)) will begin to wend its weary way through the court processes; and all because the prosecutor had not learned his lessons from the decided cases. It is indeed appalling that our and other appellate courts have found it necessary to set aside so many convictions and grant new trials because of improper arguments and remarks. I therefore take this occasion to repeat what I said recently in a concurring opinion in *Commonwealth v. Keith Barren*, 273 Pa.Super. 492, 417 A.2d 1156 (1979) in the hope that in the future it will be helpful in reducing their number:

It is apparent that the adversary process in criminal trials, when left to the actions and judgment of trial counsel alone is not sufficient to protect the rights of both society and defendants.[1] Time and again we see the sorry spectacle of the failure of defense counsel to object to improper remarks of the prosecuting attorney, which failure, though waived on direct appeal, finally comes back to haunt us on ineffectiveness of counsel contentions.

The trial judge, in jury cases, "is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." *Querica v. United States*, 289 U.S. 466, 53 S.Ct. 698, 699, 77 L.Ed. 1321, 1324 (1932). *See* also *Commonwealth v. Claiborne*, 175 Pa.Super. 42, 50, 102 A.2d 900 (1953). 75 Am.Jur.2d Trial S.87. It has long been recognized in this Commonwealth that the trial judge not only has the power, but in proper cases the duty as well to "supervise

1. A.B.A. Standards for Criminal Justice, The Function of the Trial Judge 1.1 General Responsibility of the trial judge:

"(a) The trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his own initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial. The only purpose of a criminal trial is to determine whether the prosecution has established the guilt of the accused as required by law, and the trial judge should not allow the proceedings to be used for any other purpose."

the addresses of counsel so far as may be necessary to protect prisoners or parties litigant from injurious misrepresentations and unfair attack, and the jury from being misled. When this power should be exercised must be left to the sound discretion of the judge and he should not hesitate to act where the fair administration of justice requires him to do so." *Commonwealth v. Mudgett,* 174 Pa. 211, 257, 34 A. 588, 592 (1896). "The trial judge may, and should, confine argument within the limitations of legitimate advocacy." *Commonwealth v. Ross,* 190 Pa.Super. 145, 154, 152 A.2d 778 (1959). *Commonwealth v. Phillips,* 183 Pa.Super. 377, 385, 132 A.2d 733 (1957). *See* also *Sadler,* Criminal Procedure in Pennsylvania, 2d Ed. §§ 561, 562, 563. He should in my judgment take an active role in the trial process where the circumstances warrant it; and, when it is apparent to him that the remarks of counsel are improper *or* bordering on the improper, should sua sponte call counsel to side bar, caution him or her against the line of argument being pursued, and where necessary, give appropriate cautionary instructions.