428 A.2d 176

**COMMONWEALTH of Pennsylvania,**

v.

**Claude LEYMEISTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1981.

540

Jeffrey P. Bowe, Assistant Public Defender, Pottsville, for appellant.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

WICKERSHAM, Judge:

On March 7, 1979, a jury found appellant, Claude Leymeister, guilty of aggravated assault. Appellant's post-verdict motions were denied and he was sentenced to a term of imprisonment of one to two years. For the reasons set forth below, we affirm the judgment of sentence.

■ Appellant's sole contention is that the prosecutor misstated evidence during his closing argument and as a result deprived appellant of a fair trial. It is, of course, true that a prosecutor "must limit his statements to the facts in evidence and legitimate inferences therefrom." *Commonwealth v. Revty*, 448 Pa. 512, 516, 295 A.2d 300, 302 (1972). If the prosecuting attorney's improper remarks so prejudice the jury as to prevent a fair trial, reversible error exists. *Commonwealth v. Van Cliff*, 483 Pa. 576, 397 A.2d 1173

* Justice Samuel J. Roberts of the Pennsylvania Supreme Court is sitting by designation.

(1979); *Commonwealth v. Reynolds,* 254 Pa.Super. 454, 386 A.2d 37 (1978).

■ Before addressing the merit of the issue raised by appellant, we must decide whether the issue was preserved for appeal. We first note that the closing arguments of counsel were not recorded. Where the closings are not recorded, it is well settled that any objection must be made during the argument so that the challenged remarks may be placed in the record at or about the time they are made. *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Adkins,* 468 Pa. 465, 364 A.2d 287 (1976); *Commonwealth v. Kollock,* 246 Pa.Super. 16, 369 A.2d 787 (1977). The purpose of this requirement is to ensure an accurate record on appeal. *Commonwealth v. Perkins, supra.* "Otherwise, the recollection of both counsel and the court at the conclusion of the argument may differ and thereby result in unnecessary factual disputes." *Commonwealth v. Adkins, supra,* 468 Pa. at 472, 364 A.2d at 291.

In the instant case, appellant's counsel made a timely objection to the prosecutor's alleged misstatement of evidence but failed to place the remarks on the record. Therefore, although the record reflects an objection during the prosecutor's closing argument, this court is not apprised of the substance of the challenged remark.[1] Moreover, the recollection of both counsel and the lower court differs as to the occurrence and the substance of the objection.[2]

■ The instant predicament of a factual dispute over the content of the closing and objection is exactly what the

---

**1.** We note that the counsel of appellant's codefendant objected to a portion of the prosecutor's closing argument before appellant's counsel made the objection in question. Since the objected to statement was recorded along with the reasons for the objection, we assume that the codefendant's attorney requested that the remarks be placed in the record.

**2.** Although defense counsel, the prosecutor, and trial court judge all agree that the objected to statement was made, only the prosecutor denies that an objection was made by defense counsel. The trial court judge stated that the objection was made but that it was overruled because it was without merit.

supreme court in *Adkins* was trying to avoid. While that court spoke in terms of the timeliness of the objection, its holding was to "ensure an adequate and correct record on appeal." *Commonwealth v. Adkins*, 468 Pa. at 472, 364 A.2d at 291. Defense counsel has the "obligation of setting forth in context and with sufficient illumination the statements he deemed offensive and prejudicial so an appellate court could make an intelligent judgment as to the nature and possible effect of the comments." *Commonwealth v. Banks*, 454 Pa. 401, 410, 311 A.2d 576, 580 (1973). We therefore find that defense counsel has the burden of not only making a timely objection during the prosecutor's closing but also of placing the challenged remarks on the record. Instantly, appellant's counsel failed to do so and the issue is waived.

Judgment of sentence affirmed.