Commonwealth *v.* Valle, Appellant.

412

Argued December 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert M. Fellheimer*, for appellant.

*Ian Comisky, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 22, 1976:

Appellant contends that he was denied effective assistance of counsel at trial, because his attorney failed to object to allegedly inflammatory comments made by the prosecutor during closing argument.

On June 14, 1972, appellant was arrested and charged with the June 4, 1972 aggravated robbery of a bar located at 1300 West Allegheny Avenue, Philadelphia. On December 18, 1972, a jury found

appellant guilty, and he was sentenced on April 10, 1973, following the denial of post-trial motions. On May 3, 1973, an appeal to this Court was filed, but the appeal was dismissed on August 14, 1974, for failure of appellate counsel to file a timely brief. On August 29, 1974, appellant filed a petition pursuant to the Post Conviction Hearing Act.[1] After numerous hearings, the PCHA court granted appellant the right to file an appeal *nunc pro tunc*, but otherwise denied relief. This appeal followed.

The closing arguments of counsel were recorded and transcribed. The following excerpts are indicative of the tone of the Commonwealth's summation:

"Now, there is no question in the Commonwealth's mind or in anybody's mind at this particular time that even at this stage of the proceedings, *as hard as it is even in this type of a case for us to accept,* that under our system of justice that defendant, Martin Valle, *as vicious and as horrible an act as he committed,* he is still at this stage of the proceedings, *as hard as it is to believe,* he is still presumed to be innocent until you begin your deliberations. Keep that in mind.

"We have the presumption of innocence in the United States of America. Thank God we have that presumption of innocence. But that is to protect innocent citizens; *it is not to protect the Martin Valles, it is not to protect the Al Capones, the vicious people in our society.* It is to protect people like yourselves. So, keep in mind he is still presumed to be innocent, *as difficult as that may be even under these very trying circumstances, with the overwhelming evidence that you heard from that witness stand.*" Record at 419-420 (Emphasis added).

"I say to you, if by pleading not guilty *that vicious guy over there, Martin Valle,* says: I didn't do these things, *then I say to you Martin Valle is a liar.*

---

1. Act of January 25, 1966, P.L. (1965) 1580, §1; 19 P.S. §1180-1 et seq.

"Why is he a liar? Not because Ed Feierstein says he is a liar, but because of the witnesses that you heard from the witness stand; he's a liar." Record at 421 (Emphasis added).

Defense counsel did not object to any of these statements. The only objection occurred when the prosecutor stated: "[One of the Commonwealth witnesses is] a good man, and he's doing his civic duty, perhaps with some personal risk for himself because who knows how many other Martin Valles are out there waiting to get —" The objection was sustained by the trial court.

The issue of trial counsel's ineffectiveness is properly before this Court because appellate counsel did not represent appellant at trial, and the alleged ineffectiveness is apparent in the record. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A. 2d 435 (1975). Furthermore, we are able to decide the issue without remanding to the lower court for an evidentiary hearing to determine whether counsel's failure to object had some reasonable basis designed to effectuate his client's interests. Cf. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A. 2d 440 (1975).

The Supreme Court has emphasized that "... the prosecuting attorney enjoys an office of unusual responsibility, and that his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices." *Commonwealth v. Toney*, 439 Pa. 173, 180, 266 A. 2d 732, 736 (1970). The ABA Standards Relating to the Prosecution Function state in pertinent part:

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

"(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury." ABA Project on Standards of Criminal Justice, Standards Relating to the Prosecution and Defense

Function §5.8 (Prosecution Function) (Approved Draft 1970).

In the instant case, the prosecutor's closing argument far exceeded the bounds of propriety necessary to ensure that the accused is afforded a fair trial and to uphold the integrity of the office of prosecutor. Extended discussion is unnecessary. The prosecutor branded appellant as "vicious," as a "liar," and as an "Al Capone." Further, he implied that the presumption of innocence would prove difficult to apply. The closing argument demonstrated a highly regrettable zeal for conviction which caused the prosecutor to lose sight of his duty to remain objective and not to exploit the influence of his office. See Commentary, ABA Standards, supra. Our Supreme Court has repeatedly condemned closing arguments of this nature. See, e.g., *Commonwealth v. Russell*, 456 Pa. 559, 322 A. 2d 127 (1974); *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A. 2d 205 (1974); *Commonwealth v. Toth*, 455 Pa. 154, 314 A. 2d 275 (1974); *Commonwealth v. Revty*, 448 Pa. 512, 295 A. 2d 300 (1972); *Commonwealth v. Potter*, 445 Pa. 284, 285 A. 2d 492 (1971).

While the prosecutor continually exceeded the scope of proper closing argument, defense counsel remained silent. Appellant contends that this amounted to ineffective assistance: "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967) (emphasis in original). Counsel's testimony at the PCHA hearing that he was uncertain as to why he failed to object, but that he probably felt the remarks were within the proper range of advocacy at the time of trial simply does not provide a "reasonable basis" for allowing reversible error to go unchallenged.

Judgment of sentence reversed and case remanded for a new trial.

WATKINS, P.J., and VAN DER VOORT, J., dissent.