379 A.2d 98

**COMMONWEALTH of Pennsylvania**

v.

**Michael TOWNSELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1977.

Decided Oct. 7, 1977.

Charles M. Golden, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Justice.

█ The significant issue in this case is whether there was ineffective appellate advocacy in that appellant's counsel on the direct appeal did not brief or argue that the manifestly prejudicial summation by the assistant district attorney warranted a new trial. Such disregard, even as an alleged tactic, is attackable if it had no reasonable basis. The rule is well established that a course chosen by counsel must have had "*some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The reason for the rule is applicable not only to trial advocacy but also to appellate advocacy.

This is an appeal from an order of the Court of Common Pleas of Philadelphia denying post-conviction relief. On January 20, 1971, Michael Townsell, appellant, was convicted by a jury of murder of the first degree and aggravated robbery. Post-verdict motions were denied and a sentence of life imprisonment was imposed on the murder conviction as the jury's verdict directed. An additional twenty years' probation was ordered on the robbery conviction. A direct appeal was filed in this Court nunc pro tunc and the judgment of sentence and order of probation were affirmed by an equally divided court. A petition was filed for relief under the Post Conviction Hearing Act (PCHA), Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1977–78). Following a post-conviction hearing, relief was denied and this appeal followed.[1]

█ Townsell contends his court-appointed co-counsel, who represented him at both the trial and the appeal, were ineffective, *inter alia*, in dealing with the summation to the

---

1. While appellate jurisdiction of the order denying post-conviction relief as related to the robbery conviction is in the Superior Court, see PCHA, *supra*, § 11, 19 P.S. § 1180–11, this Court will assume jurisdiction. *See* Section 503 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 503, 17 P.S. § 211.503 (Supp.1977–78).

jury by the assistant district attorney.  Parts of the remarks were as follows:

"He's twenty-two years old.  There are a lot of young men younger than him doing a lot more worthwhile things than robbing and stealing and killing.  For the benefit of all of us, I think you know who I'm talking about.  He's old enough to know what he's doing.  He's old enough and sensible enough to know that it's wrong to rob and to kill, and if he's in trouble today it's because of his own doing.  It's because unlike most of us, he's unwilling to go out and do an honest day's work to make some money to get by on, so he's going to join in a common enterprise to try to steal something, to rob, to threaten somebody, and if it comes about to be necessary in his own mind, to kill.

\*     \*     \*     \*     \*     \*

"You are sitting here in the quiet dignity of the court, again, looking at a wretched defendant.  The defendant always looks pitiful in a trial.  The murderer at his trial looks pitiful.  But you don't see the murderer at his murdering, and he doesn't look so pitiful then.

\*     \*     \*     \*     \*     \*

". . . I'm sure it hasn't been easy for [defense counsel], which [sic] are gentlemen of high stability of the Bar, which [sic] a careful Commonwealth, a state appoints to represent the interests of this defendant and fight even so hopeless a case as this one every step of the way.  "Now it's going to be your responsibility, and I suggest to you ladies and gentlemen that there can be only one just answer, and that is, if you believe these facts which I think are undeniable, and according to some of the arguments that have been advanced to you, admitted, and then you apply the law that you hear from the Court, you will come up with that judgment which says that this young man Michael Townsell is guilty of murder of the first degree, and no other kind of murder, and guilty of robbery as well.  "This is your duty as a jury.  This is what juries are for, to come up with just verdicts.  I'm sure you can under-

stand why it must be. We cannot allow these depredations. We cannot allow things like this to happen, to go unpunished. We cannot say to Townsell, 'Well, go ahead, don't do it again,' because that's an encouragement to every other thief, robber and killer, everytime someone gets away with it.

"I bear no animosity towards this young man, none at all. I'm just as sorry for him as anybody else. Sorrow is not what we base a verdict on, and I'm sure you can understand why. But the protection of society, for the protection of all of us, you and me, your wives, your husbands, your children, for the protection of every deliveryman who goes around bringing bread and milk and meat to people in neighborhoods, every insurance collector, everyone who handles money, for the protection of society, which is a highclass way of saying for the protection of us people, I suggest that you must return a just verdict—a severe one, indeed, a just one but the only just one in this case. I will go so far as to say, ladies and gentlemen, that I expect from you, and in my capacity as a representative of the Commonwealth I demand from you, that you return a verdict of guilty of murder of the first degree and guilty of aggravated robbery."

Further elaboration is hardly necessary to establish that the remarks: (1) were unwarrantedly inflammatory;[2] (2) assumed guilt because the facts were stated to be undeniable and admitted by some of the arguments;[3] and (3) misstated the prosecutor's duty[4] as well as that of the jury.

**2.** *Commonwealth v. Lipscomb*, 455 Pa. 525, 529, 317 A.2d 205, 207 (1974) (unwarranted rhetoric "is emphatically condemned").

**3.** *Commonwealth v. Lark*, 460 Pa. 399, 404–05, 333 A.2d 786, 789 (1975) ("such *personal assertions* by the prosecutor on the guilt of the accused were beyond the scope of fair play and were reversible error").

**4.** The high duty of a prosecuting attorney, be he a state or federal official, is spelled out with great clarity in *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, 1321 (1935). The same concept was long ago expressed as an important part of our jurisprudence in *Commonwealth v. Nicely*, 130 Pa. 261, 270, 18 A. 737, 738 (1889), as follows:

Townsell alleges that his counsel made no objections to these remarks.[5] In fact, however, they did object and moved for a mistrial. The real issue as developed on the record of the post-conviction hearing was the question of counsel's failure to pursue this matter on appeal.[6] Accordingly, we are justified in considering the issue of ineffective appellate advocacy.

At the post-conviction hearing one of Townsell's attorneys testified as follows:

"A. Well, in our opinion we felt we had an excellent opportunity or chance to win a reversal on the confession argument . . . and in appealing to the Supreme Court we wanted to put our best foot forward, so to speak, and focus in on what we felt was the crucial issue that we had the best chance of winning, and, therefore, did not want to put in a whole bunch of other smaller—what we considered to be smaller problems or issues and wanted to really rest on what we felt was our best chance.

"Q. So when you state 'smaller issues' you mean issues that you felt were not as solidly based upon the law as the confession issue?

"A. No. What we were afraid of, I think, if I remember our conversation, Mr. McCrudden and I, in any trial that lasts as long as this trial does you could always find rulings of the Court that may be wrong, but by the same

"The district attorney is a quasi judicial officer. He represents the commonwealth, and the commonwealth demands no victims. It seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers, as it is to see that no guilty man escapes. Hence, he should act impartially. He should present the commonwealth's case fairly, and should not press upon the jury any deductions from the evidence that are not strictly legitimate. When he exceeds this limit, and in hot zeal seeks to influence them by appealing to their prejudices, he is no longer an impartial officer, but becomes a heated partisan."

5. *Commonwealth v. Valle*, 240 Pa.Super. 411, 362 A.2d 1021 (1976).

6. It is noted with disapproval that the PCHA court did not file a statement of record setting forth its findings of fact and conclusions of law in support of its order denying relief, as required by Pa.R. Crim.P. 1506.

token the Supreme Court, in our opinion, was going to call them harmless error anyway, and, therefore, we did not want to take the focus off what we considered to be the good issue."

It is to be noted that they apparently considered the remarks of the assistant district attorney to be a small issue, that it would be called harmless error and it would take emphasis away from what they considered a good issue.[7] Accepting this after-the-fact explanation of a calculated and deliberate strategy, the question still remains as to whether this strategy had any reasonable basis whatsoever.

In view of the forceful trial objection by appellant's counsel, we cannot accept the view that this was a small matter. Likewise, this breach of the requirement of fairness and decency on the part of an assistant district attorney is not to be considered by counsel as harmless error. Even more important, a substantial matter of arguable merit is not to be abandoned on the ground that it might de-emphasize another issue. It may well be that the press of time at oral argument may curtail the presentation of some points but, at the least, appellate counsel should brief each significant arguable issue.

Strategy of defense counsel may warrant deliberate choice as to the manner, emphasis, and length of argument but complete disregard of an important issue cannot be ignored as a matter of strategy. The appellant has been deprived of a fair trial.

The judgment of sentence is reversed and the case is remanded for a new trial.

ROBERTS, J., filed a concurring opinion.

7. The issue of admissibility of Townsell's statement to the police resulted in a three-to-three affirmance, *Commonwealth v. Townsell*, 457 Pa. 249, 320 A.2d 111 (1974), but that was based upon unnecessary delay between arrest and arraignment and not, as counsel argued, upon the police's failure to inform appellant of the applicability of the felony-murder rule.

O'BRIEN and POMEROY, JJ., concur in the result.

NIX, J., would grant a counseled appeal with the appointment of new counsel.

ROBERTS, Justice (concurring).

I agree with the majority that appellant's appellate counsel was ineffective for failing to raise on direct appeal the prosecutor's improper closing remarks, which were inflammatory and prejudicial. Ordinarily, once this Court finds appellate counsel was ineffective for having failed to raise an issue, we need only grant the petitioner the right to file a new appeal raising the issue appellate counsel was ineffective for failing to raise. In this case, however, it is clear that appellant would be successful in his appeal and that a new trial would necessarily be granted because of the prosecutor's improper closing argument. E. g., *Commonwealth v. Cherry,* 474 Pa. 295, 378 A.2d 800 (1977); *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Joyner,* 469 Pa. 333, 365 A.2d 1233 (1976); *Commonwealth v. Harvell,* 458 Pa. 406, 327 A.2d 27 (1974). All the facts of record necessary to decide whether the prosecutor's closing argument was improper are before us, and the parties have briefed the issue. Therefore, in the interest of judicial economy, it is appropriate to proceed to the merits of appellant's claim. See *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 261 A.2d 550 (1970); *Commonwealth v. Gist,* 433 Pa. 101, 249 A.2d 351 (1969).

Because the prosecutor's closing remarks deprived appellant of a fair trial, *Commonwealth v. Simon,* 432 Pa. 386, 248 A.2d 289 (1968), I agree that judgment of sentence should be reversed and a new trial granted.