397 A.2d 766

**COMMONWEALTH of Pennsylvania**

v.

**Rickie Allen YOCHAM, a/k/a Ricky Allen Yocham, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 18, 1978.

Decided Jan. 24, 1979.

Reargument Denied Feb. 28, 1979.

Harry Stump, Pittsburgh, for appellant.

David B. Hartman, Asst. Dist. Atty., Somerset, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Rickie Yocham appeals from an order of the Court of Common Pleas of Somerset County denying post-conviction relief. The court rejected appellant's claim that appellate counsel provided constitutionally ineffective representation by abandoning a challenge to the admissibility of an inculpatory statement made to Pennsylvania State Police. We agree with appellant that the court erroneously rejected his claim and reverse.*

Pennsylvania State Police suspected appellant's involvement in a Somerset County homicide and robbery. Four months after the Somerset County crimes, Pittsburgh police took appellant into custody in connection with an Allegheny County rape. State police learned that appellant was in the custody of Pittsburgh police and went to the Pittsburgh

* We hear these appeals pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, §§ 202(1) & 503(c), 17 P.S. §§ 211.202(1) & 211.503(c) (Supp.1978), and the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1978).

Public Safety Building to question him. Appellant admitted his involvement in the Somerset County crimes. Appellant was then charged with murder, robbery, and conspiracy.

The court of common pleas appointed counsel to represent appellant. In a pre-trial motion to suppress, appellant contended that the inculpatory statement was the product of an illegal arrest. The Commonwealth sought to prove both that police gave appellant *Miranda* warnings and that no evidence of police coercion existed. But the Commonwealth failed to demonstrate that the arrest was lawful or that the inculpatory statement was not the product of the allegedly unlawful arrest. The suppression court nonetheless denied the motion.

A jury convicted appellant of murder of the first degree, robbery and conspiracy. In post-verdict motions, appellant renewed his challenge to the admissibility of the inculpatory statement. The court of common pleas denied the motions. Appellant was sentenced to life imprisonment on the murder conviction and received concurrent sentences on the robbery and conspiracy convictions. On direct appeal, the same appointed counsel alleged various trial errors, but did not pursue the challenge to the inculpatory statements. This Court affirmed judgments of sentence. *Commonwealth v. Yocham*, 464 Pa. 223, 346 A.2d 297 (1975).

Appellant, with the assistance of new counsel, filed a petition for post-conviction relief in which he challenged the effectiveness of appellate counsel in failing to pursue the claim that his inculpatory statement was unlawful. The PCHA court summarily dismissed the petition without a hearing. This Court reversed and remanded for a hearing on appellant's petition. *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977).

At the hearing, trial counsel testified that, following the hearing on the motion to suppress, he conducted an "independent investigation" into facts the Commonwealth did not introduce at the suppression hearing. Counsel stated that his investigation into facts outside the record led him to conclude that Pittsburgh police took appellant into custody

on the basis of an arrest warrant. Counsel concluded that appellant's assertion "had no factual basis" and was improper. Counsel decided not to "press the issue further." The PCHA court again denied relief and this appeal followed.

Counsel's conclusion that his client's suppression claim "had no factual basis" does not justify the abandonment of the issue on appeal where at the suppression hearing the Commonwealth fails to meet its burden of proving that the challenged evidence was legally obtained. Once appellant filed his motion to suppress the inculpatory statement, the Commonwealth was obliged to demonstrate the lawfulness of the statement by a preponderance of the evidence. See Pa.R.Crim.Proc. 323(h) ("[t]he Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights"); *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968) (preponderance of the evidence standard). While the Commonwealth produced evidence concerning the voluntariness of appellant's statement, it came forward with no evidence supporting the lawfulness of appellant's arrest. Nor did it meet its burden of demonstrating that appellant's inculpatory statement was not the product of the allegedly unlawful arrest. See e. g., *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (state has burden of demonstrating dissipation of primary illegality).

Despite the Commonwealth's failure to meet its burden, and despite appellant's insistence that the challenge to the admissibility of the statement be pursued, counsel chose to abandon the claim. The decision to abandon the motion was based upon an inquiry into what evidence the Commonwealth could, but did not, present at the suppression hearing. On the basis of these facts outside the record, counsel interposed a personal judgment concerning the propriety and validity of appellant's motion and did not pursue a meritorious claim.

In *Commonwealth v. Yocham*, 473 Pa. at 451, 375 A.2d at 328, this Court stated: "[W]hen a contention which is not

patently frivolous is abandoned, the decision to do so must be justified by some reasonable basis intended to inure to the client's benefit." *Commonwealth v. Townsell*, 474 Pa. 563, 569, 379 A.2d 98, 101 (1977), further stated: "Strategy of defense counsel may warrant deliberate choice as to the manner, emphasis, and length of [oral] argument but complete disregard of an important issue cannot be ignored." Appellant's claim that the Commonwealth failed to meet its burden at the suppression hearing was not patently frivolous. Indeed, the claim was an important and meritorious issue which counsel should not have disregarded. That appellate counsel, because of a personal view of facts outside the record, considered pursuit of the claim improper, does not justify a contrary conclusion. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.*" *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). See American Bar Association Standards Relating to the Administration of Criminal Justice, Criminal Appeals, Standard 21–3.2 (2d ed. Tent. Draft 1978); *High v. Rhay*, 519 F.2d 109 (9th Cir. 1975) (Lumbard, J., sitting by designation). An "active advocate" would violate no professional obligation by arguing that the record of the suppression hearing fails to demonstrate the admissibility of the challenged evidence.

On this record, appellant's inculpatory statement was inadmissible. By failing to raise this inadmissibility on appeal, counsel deprived appellant the effective representation to which he is constitutionally entitled. Appellant must therefore be awarded a new trial. Cf. *Commonwealth v. Townsell*, supra (new trial granted where appellate counsel failed to pursue meritorious objection to prosecuting attorney's closing argument).

Order reversed, judgments of sentence vacated, and new trial granted.

NIX and LARSEN, JJ., filed dissenting opinions.

POMEROY, former J., and O'BRIEN, J., did not participate in the decision of this case.

NIX, Justice, dissenting.

The majority properly determines that counsel failed in his responsibility to his client when he elected to abandon the claim that his client's statement was the product of an illegal arrest. Under the facts produced on the record before the suppression court, the Commonwealth chose not to challenge the averment that the initial arrest was, in fact, illegal but rather attempted to rely upon a legal theory (assuming the illegality of the arrest) which we subsequently determined to be without merit. *See Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977). Clearly the claim was of arguable merit and defense counsel's explanation for his decision not to pursue it (i. e. his personal investigation) was inadequate for the reasons stated in the majority opinion.

At this point, however, I am forced to depart from the reasoning of the majority. Rather than deciding the question before the Court, which was whether the appellant's right to a direct appeal was denied because of ineffective assistance of appellate counsel, the majority proceeds to go beyond the issue presented and decides the ultimate issue that the statement is to be suppressed and that a new trial is to be awarded. A finding that appellate counsel was ineffective is appropriately remedied by providing the appellant with another direct appeal wherein he has the opportunity to be represented by competent counsel.

In instances where the validity of the suppression claim is obvious, judicial economy may justify a deviation from the normal procedure. Here, however, although it is clear that the suppression record was inadequate to support the admissibility of the statement, there was testimony offered in the post conviction hearing to suggest that the Commonwealth might have a basis for sustaining the admission of the statement. By following the normal procedure the Com-

monwealth could seek to introduce this evidence (a showing that the initial arrest was based upon probable cause) by a request for remand in the direct appeal. The majority's approach requires a new trial, which in this case may well be unnecessary. I dissent.

LARSEN, Justice, dissenting.

This case was originally assigned to me to write the majority opinion. When I circulated the within, the majority voted for Mr. Justice Roberts' dissenting opinion (now the majority opinion). The following is my "majority" opinion converted into a dissenting opinion.

Appellant was arrested and charged with murder, robbery and conspiracy following his participation in a robbery of a motel located in Jennerstown, Somerset County on November 18, 1970. The co-owner of the motel was shot and killed during the course of the robbery. Appellant was convicted by a jury, his post-trial motions denied and sentence imposed. On direct appeal to this Court, we affirmed his conviction. *Commonwealth v. Yocham*, 464 Pa. 223, 346 A.2d 297 (1975). Appellant subsequently filed a counseled petition for post conviction relief averring that he was denied effective assistance of appellate counsel due to that counsel's failure to raise, on direct appeal, an issue which would have required reversal of his conviction, i. e., that his confession should have been suppressed as an impermissible fruit of an allegedly illegal arrest. The Court of Common Pleas summarily dismissed the petition by its order of March 8, 1978 and on appeal to this Court we reversed the order and remanded the matter to the PCHA court for an evidentiary hearing. *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977). The present appeal follows the evidentiary hearing on remand in which the PCHA court again dismissed appellant's petition for post conviction relief finding from the evidence that appellate counsel was effective.[1]

1. Appointed trial counsel and appointed appellate counsel were the same throughout the direct appeal.

Appellant avers that he has been denied the effective assistance of appellate counsel when that counsel abandoned on direct appeal a challenge to the validity of a confession used against appellant at trial.[2]

To determine counsel's effectiveness we are guided by the standards set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 353 (1967). The test is whether the course chosen by counsel had any reasonable basis designed to effectuate his client's interests. "Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 604, 235 A.2d at 353. "Our analysis of the abandoned claim is undertaken solely for the purpose of resolving questions of ineffective representation. . . . Once we conclude that the omitted contention is of arguable merit, our inquiry into the substance of the claim ceases and shifts to an analysis of post trial counsel's basis for decision." *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

The record indicates that on March 23, 1971, appellant was arrested by Pittsburgh police in Pittsburgh on charges of rape and assault. Several hours after that arrest, appellant confessed to his participation in the Somerset County robbery. Appellant was then arrested for the Somerset County crimes and charged with murder, robbery and conspiracy. Prior to the trial in Somerset County, defense counsel, acting solely upon the appellant's information that no rape ever occurred, no warrant ever issued and the alleged rape victim never existed, sought to suppress the confession as the fruit of an illegal arrest. His application to suppress the confession alleged that the unrelated Pittsburgh arrest on charges of rape and assault was illegal in that it was 1) without warrant and 2) without probable cause. Notwith-

2. As we noted in *Commonwealth v. Yocham, supra,* 375 A.2d 327, 328 (1977), the challenge to the confession at the time of the direct appeal was properly preserved for appellate review.

standing the Commonwealth's failure to produce any evidence showing the legality of the arrest, the suppression court denied the application.

In *Commonwealth v. Richards*, 458 Pa. 455, 458, 327 A.2d 63, 68 (1974), we reaffirmed that "once the primary illegality—here the illegal arrest—is established, the burden is on the Commonwealth to establish that the confession has been come at by means 'sufficiently distinguishable to be purged of primary taint' rather than 'by exploitation of that illegality' " (citations omitted) *see Commonwealth v. Bishop*, 425 Pa. 175, 183, 228 A.2d 661, 666 (1967). In view of this burden of proof and the lack of evidence presented at the suppression hearing, appellate counsel could have argued on direct appeal that appellant was entitled to a new trial due to the error of admitting the confession into evidence. However, even assuming this issue was of arguable merit, we still will not find appellate counsel ineffective if reasonable grounds exist for his decision to abandon the argument.

On remand, the evidentiary hearing disclosed the fact that counsel, following the suppression application and before the suppression order, had conducted his own independent investigation concerning the legality of the arrest. His investigation revealed that a rape and assault complaint had been filed against defendant by the Pittsburgh police on the basis of information furnished by the alleged victim; that appellant had been arrested for those charges on March 23, 1971 on a warrant issued pursuant to the complaint; and that a Grand Jury had disapproved the bill of indictment. Counsel even communicated with the named victim by letter and telephone confirming her existence and the substance of the complaint.[3]

Counsel concluded that his suppression application lacked factual basis and legal merit and therefore decided not to

3. Appellant contends that since this evidence was not introduced in the suppression hearing, it cannot now be introduced at the PCHA hearing. This is without merit. The evidence was properly admitted at the PCHA hearing for the sole purpose of determining the effectiveness of counsel. *Commonwealth v. Hubbard, supra*, 372 A.2d at 695–96.

challenge the validity of the confession on direct appeal from appellant's conviction. It is evident that the arrest was made with sufficient probable cause, *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *Betrand Appeal*, 451 Pa. 381, 303 A.2d 486 (1973) and that the confession was not the product of an illegal arrest, *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Commonwealth v. Culmer*, 463 Pa. 189, 344 A.2d 487 (1975) and therefore counsel's motion to suppress the confession was unfounded.

Appellant contends[4] that, appellate counsel should have disregarded the facts of his investigation and pursued the suppression issue on appeal since appellant was entitled to benefit from the Commonwealth's failure to meet its burden of proving the legality of the arrest at the suppression hearing. The PCHA court, following the evidentiary hearing, disagreed and concluded that regardless of the merit of the suppression argument, counsel was effective in abandoning the issue. I agree with and adopt the reasoning of Judge Charles H. Coffroth as stated in the PCHA court's opinion:

> We first note that the averments of illegal arrest in the suppression application were included by trial counsel as a speculative precaution rather than as a verified position; they were based on defendant's statements that there was no rape and that he knew of no warrant (T 13, 14). We note also that defense counsel Yelovich signed the suppression application, and that it was sworn to by defendant. The legal effect of counsel's signature to that application is specifically set forth in Criminal Rule 304(b) which governs the form of pretrial applications for relief and states in part that:

4. Appellant also argues that under *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) he was entitled to a trial record to effectively appeal his conviction. This argument is without merit since appellant's counsel was furnished with a copy of the transcript prior to appellant's direct appeal.

'A signature of an attorney shall constitute a certification by him that he has read the application, that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay.' [footnotes omitted].

The certification is thus a professional representation to the Court that to the best of the attorney's knowledge, information and belief, there is *good ground* to support the averments. Obviously this representation speaks not merely as of the moment the pleading is signed, but is a continuing representation until the pleading is amended, repudiated or abandoned, so that it is the attorney's duty to amend, repudiate or abandon such certified averments bearing his signature whenever he finds them not supported by "good ground". Assuming that trial counsel had some basis to aver illegality of arrest when the pleading was prepared without full knowledge of the facts, he then had a duty of investigation. The ABA Standards for Criminal Justice Relating To The Defense Function, § 4.1, states:

'It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty.'

To this we would add a duty to investigate also regardless of the accused's exculpatory statements and protestations of innocence.

When the investigation unearths facts favorable to the client, counsel is duty bound to assert them effectively. When the investigation unearths facts adverse to the client, there may or may not be a duty to reveal them to the opponent but there is clearly a duty on counsel to refrain from falsifying to the Court, which includes re-

fraining from advancing contentions based upon known falsehoods and abandoning previous assertions and contentions based upon averments initially believed true but found by investigation to be false. See ABA Standards, *supra*, § 1.1; compare Code of Professional Responsibility, Canon 7, ED 7–26. (slip opinion at 7–8)

Counsel was under a professional and ethical obligation to abandon the issue after discovering that his suppression application was founded upon false averments. His decision to represent appellant "within the bounds of the law" was by all means reasonable and therefore effective representation.

The order should be affirmed; I, therefore, dissent.