410 A.2d 845

**COMMONWEALTH of Pennsylvania**

v.

**Joseph BAYNES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Sept. 21, 1979.

Petition for Allowance of Appeal Denied April 2, 1980.

564

Edmund L. Levine, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

MONTGOMERY, Judge:

Appellant was initially convicted of murder in the second degree and robbery on November 6, 1975. The charges arose from appellant's alleged conduct in snatching the purse of a 64 year old woman and shooting her with a hand gun causing her death. On June 15, 1976, the Court of Common Pleas granted him a new trial, and suppressed an eight page signed statement given by appellant to police, based on a violation of the then recently decided case of *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).[1] Following a second jury trial, appellant was again found guilty of murder and robbery. Post verdict motions were denied, and appellant was sentenced to life imprisonment for murder, and a concurrent ten to twenty year term on the robbery conviction.

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

1. Appellant was a juvenile at the time of his arrest, and no opportunity was given to him to consult with an interested adult prior to interrogation and confession.

On this appeal, appellant alleges that the trial court erred when it permitted the Commonwealth to utilize the signature from each of the eight pages of the suppressed statement to connect appellant to the use of the deceased's credit card; and that prosecutorial misconduct during summation warrants the grant of a new trial.

■ The first issue raised involves the use of appellant's signature from the suppressed statement to demonstrate that he had used a credit card, belonging to the decedent and contained in her stolen purse, on the same day that the victim was murdered. A handwriting expert verified that the signature on the sales charge slip and the signature on the Commonwealth exhibit were written by the same person. The jury saw no part of appellant's confession and no reference was made to it during the trial. The jury was merely informed that the signature was procured from a form signed by appellant prior to trial.[2] We find no abuse of the court's discretion in admitting such probative circumstantial evidence. The court unquestionably had the power to order exemplars of the appellant's handwriting at time of trial; however two years had elapsed since the charge slip and confession were signed. Clearly the more relevant evidence was the use of contemporaneous signatures procured at a time when handwriting was not yet a critical issue in a murder case. Appellant's reliance on *Commonwealth v. Triplett*, 462 Pa. 244, 341 A.2d 62 (1975) is misplaced. The Fifth Amendment protection addressed by *Triplett,* applies to evidence of a testimonial nature and not to handwriting exemplars. See *Lewis v. United States,* 127 U.S.App.D.C. 269, 382 F.2d 817 (D.C. Cir. 1967) opinion by former Circuit Judge, now Chief Justice Burger; cert. denied 389 U.S. 962, 88 S.Ct. 350, 19 L.Ed.2d 377; also *Gilbert*

---

2. Appellant also complains that the use of the word "form" was inaccurate and misleading and that the trial court acted improperly by condoning such false testimony. This argument is entirely specious. Even apart from the fact that such "inaccuracies" are essential for the defendant's own protection, it is noteworthy that the statement sheets used by most police departments and evidenced by this case, are in reality partially printed forms.

*v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 1178 (1967).

 Appellant next urges the grant of a new trial based on prosecutorial misconduct during summation. It is noteworthy that "even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. . . . The language must be such that its 'unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict' . . . The effect of such remarks depends upon the atmosphere of the trial. [Citations omitted]" *Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975). Having reviewed both defense and prosecution summations in this case, we concur in the lower court's opinion that the otherwise questionable remarks made by the district attorney were, in this instance, a fair response to improper defense argument. See *Commonwealth v. Van Cliff*, 483 Pa. 576, 397 A.2d 1173 (1979) and *Commonwealth v. Stoltzfus*, supra. Defense counsel's summation was not directed to disputing actual evidence and testimony of record, but rather was replete with speculation and innuendo which attempted to present the jury with the idea that the Commonwealth had withheld crucial evidence. The various references to defense counsel as using tactics such as "throwing sand" or producing "red herrings", while not condoned by this court, are also not of the disparaging quality condemned by *Commonwealth v. Collins*, 462 Pa. 495, 341 A.2d 492 (1975).

 Appellant also directs our attention to the following statement which he alleges effectively stripped him of his presumption of innocence citing *Commonwealth v. Valle*, 240 Pa.Super. 411, 362 A.2d 1021 (1976):

> Now you heard throughout Mr. Levine's speech two terms used frequently, and he gave you examples. One was the presumption of innocence. The presumption of innocence is basically—and again, the law will come from his Honor—the presumption of innocence is exactly what it says:

it is a protection ladies and gentlemen of the jury, for innocent people who come before the bar of the Court, and it is not a shield to protect the guilty.

This passage read in context was totally devoid of prejudice to appellant. We can find no behavior on the part of the prosecutor which amounted to inflammatory name calling.

■ Appellant further argues that the district attorney repeatedly offered his own personal opinion as to appellant's guilt. Having examined the alleged assertions of opinion, we find them to be allowable inferences based on the evidence of record. In point of fact, the evidence of guilt against appellant was so overwhelming, that any remark, though improvident, on the part of the district attorney in summation was harmless error beyond a reasonable doubt. *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973).

Based on the foregoing, the judgment of sentence is affirmed.